# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF K. GREEN, on behalf of himself and all others similarly-situated and the general public,<br><br>        Plaintiff,<br>    vs.<br><br>PENSKE LOGISTICS, L.L.C., et al.,<br><br>        Defendants. | CASE NO. 09CV69 DMS (CAB)<br><br>**ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CLASS CERTIFICATION, APPROVAL OF CLASS NOTICE, AND SETTING FINAL FAIRNESS HEARING** |

Pending before the Court is the parties' joint motion for preliminary approval of class action settlement, conditional class certification, approval of class notice, and setting of a final fairness hearing. The matter is suitable for submission without oral argument pursuant to Local Civil Rule 7.1(d)(1).

Having fully reviewed the Joint Motion for Preliminary Approval of Class Action Settlement, the supporting Points and Authorities, Declaration of Isam C. Khoury, Declaration of Rachel S. Hulst, the Settlement Agreement and Joint Stipulation, Notice of Class Action Settlement and Claim Form, and the Proposed Order Granting Preliminary Approval, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class action settlement, and if

preliminarily determined to be reasonable, to ensure proper notice is provided to Class Members[1] in accordance with due process requirements; and to conduct a Final Approval hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, THE COURT HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS:

1. The Court finds, on a preliminary basis, that the Settlement Agreement and Joint Stipulation, ("Settlement Agreement") incorporated in full by this reference and made a part of this Order of Preliminary Approval, appears to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court. The Court notes that Defendants PENSKE LOGISTICS, L.L.C., and PENSKE TRUCK LEASING CO., L.P., ("Defendants") have agreed to pay the non-reversionary Maximum Payment of $500,000, plus the employer's share of payroll taxes, to the Plaintiff, Class Members, the Class Representative, Class Counsel, and the Claims Administrator, in full satisfaction of the claims as more specifically described in the Settlement Agreement;

2. It further appears to the Court, on a preliminary basis, that the settlement is fair and reasonable to Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals of rulings. It further appears that significant informal discovery, investigation, research, and litigation has been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions. It further appears that settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation. It also appears that the proposed Settlement has been reached as the result of intensive, informed and non-collusive negotiations between the Parties;

ACCORDINGLY, GOOD CAUSE APPEARING, THE JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT IS HEREBY GRANTED;

AS A PART OF SAID PRELIMINARY APPROVAL, THE COURT HEREBY ACCEPTS AND INCORPORATES THE PARTIES' SETTLEMENT AGREEMENT AND HEREBY

---

[1] "The Class" or "Class Members" is defined in the Settlement Agreement as follows: "Plaintiff and all other persons formerly employed by Defendants in the State of California who were subject to Defendants' vacation/ paid time off ("PTO") policy at any time during the Class Period, January 15, 2005 through September 15, 2009. This definition specifically excludes any and all "union" employees covered by Collective Bargaining Agreements, except if those employees worked as a non-union employee at any time during the Class Period.

CONDITIONALLY CERTIFIES THE FOLLOWING CLASS OF PERSONS FOR SETTLEMENT PURPOSES ONLY PURSUANT TO THE TERMS AND CONDITIONS CONTAINED IN SAID SETTLEMENT AGREEMENT:

"The Class" or "Class Members" is defined in the Settlement Agreement as follows:

> All other persons formerly employed by Defendants in the State of California who were subject to Defendants' vacation/paid time off ("PTO") policy at any time during the Class Period, January 15, 2005 through September 15, 2009. This definition specifically excludes any and all "union" employees covered by Collective Bargaining Agreements, except if those employees worked as a non-union employee at any time during the Class Period.

3. The Court approves and appoints Plaintiff Jeff Green as the Class Representative;

4. The Court approves and appoints Cohelan Khoury & Singer as Class Counsel, and the Court approves and appoints Rust Consulting, Inc., as the Claims Administrator to administer the settlement pursuant to the terms of the Settlement Agreement.

5. The Court finds that the Notice of Class Action Settlement and Claim Form advise of the pendency of the Class Action and of the proposed settlement, of preliminary Court approval of the proposed Settlement, claim submission timing and procedures, opt-out timing and procedures, and of the Final Approval Hearing. These documents fairly and adequately advise Class Members of the terms of the proposed Settlement and the benefits available to Class Members thereunder, as well as their right to "Opt-Out" and procedures for doing so, and of the Final Approval Hearing and the right of Class Members to file documentation in support or in opposition and to appear in connection with said hearing; the Court further finds that said Notice clearly comports with all constitutional requirements including those of due process;

ACCORDINGLY, GOOD CAUSE APPEARING, THE COURT HEREBY APPROVES THE PROPOSED NOTICE OF CLASS ACTION SETTLEMENT AND THE PROPOSED CLAIM FORM, ATTACHED TO THE SETTLEMENT AGREEMENT;

6. The mailing to the present and last known addresses of the members of the Class constitutes an effective method of notifying Class Members of their rights with respect to the Class Action and Settlement; ACCORDINGLY, IT IS HEREBY ORDERED that:

(a) On or before **February 12, 2010**, Defendants shall forward to the appointed Claims Administrator, Rust Consulting, Inc., a database (in an electronic spreadsheet format) of all Class Members, including the names, last known addresses and telephone numbers, dates of employment with Defendants in California, identification of whether he/she was employed in an exempt or non-exempt position or both, and social security number as well as the number of months he/she worked during the period (January 15, 2005 through September 15, 2009, ("Class Period.")

(b) On or before **February 22, 2010**, the Claims Administrator, Rust Consulting, Inc., shall mail to each Class Member, by first class, postage pre-paid, the Notice of Class Action Settlement and Claim Form.

All mailings shall be made to the present and/or last known mailing address of the Class Members based on Defendants' records, as well as addresses that may be located by the Claims Administrator, who will conduct standard address searches in cases of returned mail as set forth in the Settlement Agreement. The Court finds that the mailing of notices to Class Members as set forth in this paragraph is the best means practicable by which to reach Class Members and is reasonable and adequate pursuant to all constitutional and statutory requirements including all due process requirements.

(c) On or before **March 24, 2010**, the Claims Administrator, Rust Consulting, Inc., shall mail a "reminder" post-card to those Class Members who have not responded to the Notice of Class Action Settlement with the return of a Claim Form, or a request for exclusion reminding them of the deadline in which to act to make a claim.

7. IT IS FURTHER ORDERED that all:

(a) Requests for exclusion ("opt-out requests") must be mailed to the Claims Administrator, Rust Consulting, Inc., postmarked on or before **March 24, 2010**.

(b) Objections must be filed with the Court as described in the Notice of Class Action Settlement on or before **March 24, 2010** and served on Counsel for the Plaintiff and on Counsel for Defendants.

(c) Claim Forms must be mailed to the Claims Administrator, postmarked on or before **April 23, 2010.**

1        8. IT IS FURTHER ORDERED that the Final Approval Hearing shall be held before the undersigned at **1:30** p.m. on **May 28, 2010** at the above-entitled court located at the 940 Front Street, Courtroom 10, San Diego, California 92101 to consider the fairness, adequacy and reasonableness of the proposed Settlement preliminarily approved by this Order of Preliminary Approval, and to consider the application of Class Counsel Cohelan, Khoury & Singer for an award of reasonable attorneys' fees, litigation expenses, class representative enhancement, and for costs of claims administration incurred;

      9. IT IS FURTHER ORDERED all briefs in support of the proposed Settlement and Final Approval Hearing shall be served and filed with the Court on or before **May 14, 2010**.

      10. IT IS FURTHER ORDERED that any party to this case, including Class Members, may appear at the Final Approval Hearing in person or by counsel, and may be heard to the extent allowed by the Court, in support of or in opposition to, the Court's determination of the good faith, fairness, reasonableness and adequacy of the proposed Settlement, the requested attorneys' fees and litigation expenses, and any Order of Final Approval and Judgment regarding such Settlement, fees and expenses; provided, however, that no person, except Class Counsel and counsel for Defendants, shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice of Class Action Settlement which conditions are incorporated therein;

      11. IT IS FURTHER ORDERED that if, for any reason, the Court does not execute and file an Order of Final Approval, or if the Effective Date of Settlement does not occur for any reason whatsoever, the proposed Settlement Agreement and the proposed Settlement subject of this Order and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the parties to the litigation as more specifically set forth in the Settlement Agreement.

      12. IT IS FURTHER ORDERED that, pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

      The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time-to-time without further notice to the Class Members.

**IT IS SO ORDERED.**

/ / /

/ / /

DATED: February 2, 2010

HON. DANA M. SABRAW
United States District Judge